## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY DAVIS (#259562)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **21-193-BAJ-SDJ** |
| **JAMES M. LEBLANC, ET AL.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 28, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEROY DAVIS (#259562)                                                          CIVIL ACTION

VERSUS
                                                                                              21-193-BAJ-SDJ
JAMES M. LEBLANC, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, a person confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants, James M. LeBlanc and the Louisiana Department of Public Safety and Corrections, complaining that his right to parole was denied to him when his grievance was improperly denied. He seeks monetary, declaratory, and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably

meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, Plaintiff alleges the following: On December 11, 2020, Plaintiff filed a grievance to the Allen Correctional Center Warden's office, requesting to be released on parole pursuant to Louisiana Revised Statute 15:574.2(C)(4)(v)(i)(ii). On December 16, 2020, Plaintiff's grievance was denied because he was sentenced under Act 150, was convicted of two crimes of violence, and was a 3rd felony offender. Plaintiff proceeded to the Second Step of the grievance process. On February 18, 2021, Plaintiff received a Second Step response denying relief and stating that Act 280 only pertains to offenses committed after November 1, 2017. Plaintiff's grievance was wrongfully denied because the only exception for non-eligibility pursuant Louisiana Revised Statute 15:574.2(C)(4)(v)(i)(ii) is for convictions on or after January 1, 2021.

First, Plaintiff's claims for monetary damages associated with his continued confinement are barred pursuant to the rule stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already

been invalidated," either by state officials or through federal habeas corpus. *Id.* Were this Court to determine that Plaintiff is entitled to monetary damages as a result of the alleged wrongful denial of his grievance, this would necessarily imply that Plaintiff's term of confinement was invalid. Since Plaintiff has failed to allege or show that his term of confinement has been invalidated or called into question in a separate proceeding, either in a state proceeding or through federal habeas corpus, Plaintiff's claim for monetary damages falls squarely within the holding of *Heck v. Humphrey* and must be dismissed. *See Newsom* v. Texas Bd. of Pardon & Parole, 124 F. App'x. 256 (5th Cir. 2005) (plaintiff brought his claims under Section 1983, and because success in the Section 1983 action would necessarily imply the invalidity of his continued confinement, claims were barred by Heck.) Accordingly, Plaintiff's claim for monetary damages arising out of the alleged unconstitutional term of confinement resulting from the denial of his grievance regarding parole eligibility must be dismissed as it has not yet accrued.

Furthermore, Plaintiff's allegations regarding a denial of due process fail to state a claim. The presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release.[1] Courts of this state have specifically found that "Louisiana law has not created a liberty interest in parole that is protected by the Due Process Clause."[2] Further, the statute Plaintiff relies upon as having created parole eligibility for him does not apply.

---

[1] *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979).
[2] *Bastida v. Leblanc*, 372 Fed.Appx. 443, 444 (5th Cir. 2010). *See also Stevenson v. Louisiana Bd. of Parole*, 265 F.3d 1060, at *1 (5th Cir. 2001). In *Bastida*, the Fifth Circuit affirmed a district court's dismissal as frivolous of a claim that the plaintiff was denied parole in violation of his due process and equal protection rights. The Fifth Circuit noted that the plaintiff had failed to point to any state laws that would mandate release and thus, give rise to a liberty interest entitled to protection by the Due Process Clause. Regardless of what provision of Louisiana law Plaintiff may be trying to invoke, Louisiana law does not create a liberty interest in parole that is protected by the Due Process Clause. Though Plaintiff appears to be under the impression that he was entitled to release, a review of the pertinent statute makes clear he was and is not.

Plaintiff relies on Act 280[3], which added Paragraph (4) to La. R.S. 15:574.2(C) as follows:

> (a) Notwithstanding any provision of law to the contrary, each offender who commits an offense on or after November 1, 2017, other than a crime of violence as defined in [La.] R.S. 14:2(B) or a sex offense as defined in [La.] R.S. 15:541, and eligible for parole pursuant to [La.] R.S. 15:574.4(A)(1), except those sentenced under [La.] R.S. 15:529.1 or [La.] R.S. 13:4501, shall be released on administrative parole on the offender's parole eligibility date without a hearing before the committee if all of the following conditions are met:
>> (i) The offender has completed a case plan pursuant to [La.] R.S. 15:827(A)(7), except as provided in Subparagraph (b) of this Paragraph.
>> (ii) For any offender whose charge or amended charge on the bill of information was a crime of violence as defined by [La.] R.S. 14:2(B) or a sex offense as defined in [La.] R.S. 15:541, the following conditions are met:
>>> (aa) A victim of the offender has been notified pursuant to Subsection D of this Section and has not requested that the committee conduct a hearing.
>>> (bb) The district attorney of the parish in which the conviction occurred has been notified pursuant to Subsection D of this Section and has not requested the committee conduct a hearing.
>>
>> (iii) The offender has not committed any major disciplinary offenses.
>> ...
>> (iv) The offender has agreed to the conditions of supervision.
>
> (b)(i) Except as provided in Item (ii) of this Subsection, if the offender has met the conditions provided in Items (a)(ii), (iii), and (iv) of this Paragraph, he shall still be released on administrative parole if the case plan was not created for him or the incomplete case plan was not the fault of the offender.
> (ii) The provisions of Item (i) of the Subparagraph shall not apply to person who commit the offense on or after January 1, 2021.

Plaintiff argues that he was eligible for parole because the statute provides for eligibility when all conditions in R.S. 15:574.2(C)(4)(a)(ii)(iii)(iv) are met and the one exception for non-eligibility, persons convicted on or after January 1, 2021, is not applicable to him. Plaintiff is simply mistaken. The plain language of the statute requires that the *offense have been committed* on or after November 1, 2017, but prior to January 1, 2021. Plaintiff's offense was committed prior to November 1, 2017. Accordingly, La. R.S. § 15:574.2, as amended by Acts 2017, No. 280, § 3, does not entitle Plaintiff to parole. Because Plaintiff is not entitled to any relief regarding

---

[3] Acts 2017, No. 280, § 3, eff. Nov. 1, 2017 and repealed by Acts 2019, No. 369, § 4.

parole under this provision, there is no possibility that a liberty interest was established; accordingly, Plaintiff's claims are legally frivolous.[4]

To the extent Plaintiff alleges that Defendant failed to adequately respond to his grievances or informal complaints, such allegations fail to state a claim upon which relief may be granted, as Plaintiff is not constitutionally entitled to an investigation into his administrative claims or informal complaints, or to a fair or favorable response thereto. *See Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007). *See also Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest" in having her administrative claims resolved to his satisfaction and that a claim "arising from the alleged failure to investigate his grievances is indisputably meritless").

Additionally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

Finally, "Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[5]  "Granting leave to amend, however, is not required if the

---

[4] Additionally, a § 1983 action is not the proper vehicle to seek release from confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)) ("prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").
[5] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

plaintiff has already pleaded her best case,"[6] and leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[7]  Plaintiff has not sought leave to amend at this time; however, because Plaintiff cannot state any non-frivolous federal claim consistent with the allegations of his Complaint, leave to amend should not be permitted.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[8]

Signed in Baton Rouge, Louisiana, on October 28, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] *Id*.

[7] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

[8] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, " In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."